| | |
|---|---|
| 1 | KRISTA M. CABRERA, CA Bar No. 190595 |
| | kcabrera@foley.com |
| 2 | KEVIN JACKSON, CA Bar No. 278169 |
| | kjackson@foley.com |
| 3 | **FOLEY & LARDNER LLP** |
| | 11988 EL CAMINO REAL, SUITE 400 |
| 4 | SAN DIEGO, CA 92130-2594 |
| | TELEPHONE: 858.847.6700 |
| 5 | FACSIMILE: 858.792.6773 |
| 6 | **MILLER & MARTIN PLLC** |
| | BRADFORD G. HARVEY, TN BPR NO. 17393 (*Pro Hac Vice* Forthcoming) |
| 7 | brad.harvey@millermartin.com |
| | SCOTT E. SIMMONS, TN BPR NO. 29392 (*Pro Hac Vice* Forthcoming) |
| 8 | scott.simmons@millermartin.com |
| | 832 GEORGIA AVENUE |
| 9 | SUITE 1200, VOLUNTEER BUILDING |
| | CHATTANOOGA, TN 37402 |
| 10 | TELEPHONE: 423-756-6600 |
| | FACSIMILE: 423-785-8480 |
| 11 | |
| 12 | Attorneys for Defendants QUEST GROUP CONSULTING, LLC, |
| 13 | QUEST GROUP SEARCH, LLC, DOUGLAS SHAENER, and JASON HANGES |
| 14 | |

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

'21CV2041 H   WVG

| | |
|---|---|
| MARIA A. GARCIA, individually and on behalf of herself and others similarly situated, | Case No. CaseNumber |
| | **DEFENDANTS' NOTICE OF REMOVAL** |
| Plaintiffs, | |
| vs. | |
| QUEST GROUP CONSULTING, LLC, a Georgia limited liability company; QUEST GROUP SEARCH, LLC, a Georgia limited liability company; DOUGLAS SHAENER, an individual; JASON HANGES, an individual; and DOES 1 through 50 inclusive, | |
| Defendants. | |

DEFENDANTS' NOTICE OF REMOVAL
Case No.

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that Defendants Quest Group Consulting, LLC ("Quest Consulting"), Quest Group Search, LLC ("Quest Search") (collectively, "Quest Group"), Douglas Shaener, and Jason Hanges hereby remove to this Court the state-court action described below, and state that removal is proper for the reasons set forth below:

## I. JURISDICTION

1. This action is a civil action that may be removed to this Court pursuant to 28 U.S.C. § 1332(a), in that this action is between citizens of different States, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## II. PARTIES & PROCEDURAL HISTORY

2. Defendants Quest Consulting and Quest Search were served with a copy of Plaintiffs' Representative Action Complaint (the "Complaint") at Quest Group's corporate headquarters in Atlanta, Georgia on November 5, 2021.[1] *See* Mills Dec. ¶5.[2]

3. Defendants Shaener and Hanges also were served at Quest Group's corporate headquarters in Atlanta, Georgia on November 5, 2021. *See* Shaener Dec. ¶4; Hanges Dec. ¶4.[3] All process, pleadings, papers, and orders served on the Defendants are attached. Mills Dec. Ex. 1.

4. This notice of removal is timely subject to 28 U.S.C. 1446(b), as 30 days have not elapsed following Defendants' receipt of the Summons and Complaint.

5. Plaintiff Maria Garcia brought this action on behalf of herself and as a representative action under the California Labor Code Private Attorneys General Act

---

[1] The Complaint was accompanied by a copy of a letter from Plaintiff's counsel to the California Labor and Workforce Development Agency, PAGA Administrator, which seeks penalties under California Labor Code §§ 2699, *et seq.*

[2] The Declaration of Jeff Mills is attached hereto as Exhibit A and cited herein as "Mills Dec. ¶___."

[3] The Declaration of Douglas Shaener is attached hereto as Exhibit B and cited herein as "Shaener Dec. ¶___." The Declaration of Jason Hanges is attached hereto as Exhibit C and cited herein as "Hanges Dec. ¶___."

("PAGA") "for violations of the California Labor Code and the Industrial Welfare Commission Wage Orders." Id. at Ex. 1, ¶2. Plaintiff also brings an individual claim under the California Investigative Consumer Reporting Agencies Act ("ICRAA"). *Id*. at ¶¶184-190.

6. Plaintiff and the representative employees include "[a]ll current or former nonexempt employees who worked for the Defendants in the state of California from October 21, 2020 to the present." *Id*. at Ex. 1, ¶93.

7. Quest Consulting was organized in the State of Georgia, and its principal place of business is located at 6 Concourse Parkway, Suite 2250, Atlanta, Georgia 30328. Id. at ¶3.

8. Quest Search was incorporated in the State of Georgia, and its principal place of business is located at 6 Concourse Parkway, Suite 2250, Atlanta, Georgia 30328. Id. at ¶4.

9. Mr. Shaener is a resident of the State of Georgia, with his principal place of residence located at 125 Robyn Way, Marietta, Georgia 30062. Shaener Dec. ¶3.

10. Mr. Hanges is a resident of the State of Georgia, with his principal place of residence located at 3670 Ridgewood Avenue NW, Atlanta, Georgia 30327. Hanges Dec. ¶3.

11. Consequently, Plaintiff is a citizen of a State different from each of the Defendants.

III.   **DAMAGE ALLEGATIONS**

12. Plaintiff alleges that Defendants have violated the California Industrial Welfare Commission ("IWC") Wage Orders, the California Labor Code, and the California Investigative Consumer Reporting Agencies Act ("ICRAA") by, *inter alia*, failing to: (1) pay minimum wage; (2) pay state overtime wages; (3) provide proper meal and rest breaks; (4) provide accurate wage statements; (5) maintain accurate payroll records; (6) reimburse business expenses; (7) adhere to the ICRAA; and (8) provide proper seating. Mills Dec. Ex. 1, ¶¶39-91.

13. Plaintiff, in a conclusory manner and with respect only to her claim under the ICRAA, alleges that she seeks "recovery costs of suit with reasonable attorneys' fees in an amount as the Court may allow, but not to exceed $75,000 in the aggregate for all violations remedies, claims, costs, and attorneys' fees recovered included." *Id*. at Ex. 1, ¶189. Therefore, if Plaintiff seeks as much as a penny for any of her nine other claims, she will seek in excess of the threshold amount for federal diversity jurisdiction.

14. Thus, while Plaintiff inserts a blanket statement indicating that she does not seek more than $75,000 in damages for her ICRAA claim alone, a closer examination of the Complaint reveals that Plaintiff seeks in excess of that threshold amount for her ten claims in total and inserted that statement for the sole purpose of avoiding removal.

A. *Cause of Action No. 1: Failure to Pay Minimum Wage*

15. Plaintiff alleges that Defendants "did not pay Plaintiffs and Aggrieved Employees minimum/regular wages for all hours suffered or permitted to work in violation of state and/or local law and/or prevailing wage law." *Id*. at Ex. 1, ¶111.

16. During her brief employment with Quest Group, Plaintiff worked three pay periods in April and May of 2021. *Id*. at ¶6.

17. Plaintiff alleges that she is entitled to a penalty of $100.00 per pay period for Defendants' initial violation and a penalty of $200.00 per pay period for each subsequent violation, which total **$500.00** in purported damages for Defendants' purported violations under this cause of action. *Id*. at Ex. 1, ¶116.

B. *Cause of Action No. 2: Failure to Pay Overtime*

18. Plaintiff alleges that "Defendants required Plaintiffs and the Aggrieved Employees to work more than 40 hours per week and/or eight hours in a workday and Defendants did not pay Plaintiff and the Aggrieved Employees all overtime compensation to which they should have received." *Id*. at Ex. 1, ¶124.

19. During her brief employment with Quest Group, Plaintiff worked three pay periods in April and May of 2021. Id. at ¶6_.

20. Plaintiff alleges that she is entitled to a penalty of $100.00 per pay period for

Defendants' initial violation and a penalty of $200.00 per pay period for each subsequent violation, which total **$500.00** in purported damages for Defendants' purported violations under this cause of action. *Id.* at Ex. 1, ¶130.

  C. <u>*Cause of Action No. 3: Failure to Timely Pay Earned Wages*</u>

  21. Plaintiff alleges that "Defendants did not properly pay Plaintiff and Aggrieved Employees pursuant to the requirements of Labor Code §§ 201, 202, 204 and/or 204b and thereby Plaintiffs seek the unpaid wages." *Id*. at Ex. 1, ¶139.

  22. During her brief employment with Quest Group, Plaintiff worked three pay periods in April and May of 2021. *Id*. at ¶6.

  23. Plaintiff alleges that she is entitled to a penalty of $100.00 per pay period for Defendants' initial violation and a penalty of $200.00 per pay period for each subsequent violation, which total **$500.00** in purported damages for Defendants' purported violations under this cause of action. *Id*. at Ex. 1, ¶143.

  D. <u>*Cause of Action No. 4: Failure to Comply with Meal-and-Rest-Break Requirements*</u>

  24. Plaintiff alleges that "Defendants failed to pay Plaintiff and Aggrieved Employees for all meal and rest breaks despite their requirement under California law and, as such, all culpable Defendants are required to pay Plaintiff and Aggrieved Employees for rest break and/or meal break premium wages." *Id*. at Ex. 1, ¶148.

  25. During her brief employment with Quest Group, Plaintiff worked three pay periods in April and May of 2021. *Id*. at ¶6.

  26. Plaintiff alleges that she is entitled to a penalty of $100.00 per pay period for Defendants' initial violation and a penalty of $200.00 per pay period for each subsequent violation, which total **$500.00** in purported damages for Defendants' purported violations under this cause of action. *Id*. at Ex. 1, ¶150.

  E. <u>*Cause of Action No. 5: Failure to Provide Accurate Wage Statements*</u>

  27. Plaintiff alleges that "Defendants did not provide accurate wage statements through the Aggrieved Employees Period and, thus, Plaintiffs assert this claim both as a

stand-alone claim and derivative of their unpaid wage claims." *Id.* at Ex. 1, ¶154.

28. During her brief employment with Quest Group, Plaintiff worked three pay periods in April and May of 2021. *Id.* at ¶6.

29. Plaintiff alleges that she is entitled to a penalty of $100.00 per pay period for Defendants' initial violation and a penalty of $200.00 per pay period for each subsequent violation, which total **$500.00** in purported damages for Defendants' purported violations under this cause of action. *Id.* at Ex. 1, ¶156.

  F. *Cause of Action No. 6: Failure to Maintain Required Records*

30. Plaintiff alleges that "Defendants failed to comply with § 7 of the applicable IWC Orders and with Labor Code § 1174 by failing to maintain certain records which employers are required to maintain, including but not limited to, an accurate record indicating the number [*sic*] hours worked by the Plaintiffs." *Id.* at Ex. 1, ¶160.

31. During her brief employment with Quest Group, Plaintiff worked three pay periods in April and May of 2021. *Id.* at ¶6.

32. Plaintiff alleges that she is entitled to a penalty of $100.00 per pay period for Defendants' initial violation and a penalty of $200.00 per pay period for each subsequent violation, which total **$500.00** in purported damages for Defendants' purported violations under this cause of action. *Id.* at Ex. 1, ¶161.

  G. *Cause of Action No. 7: Failure to Reimburse Business Expenses*

33. Plaintiff alleges that "[a]s a direct result of Defendants' violation of California Labor Code § 2802, the Plaintiffs and the Aggrieved Employees suffered and continue to suffer substantial losses related to unpaid expenses, the use and enjoyment of monies owed, lost interest on monies owed, and attorneys' fees in an amount to be proven at the time of trial." *Id.* at Ex. 1, ¶169.

34. During her brief employment with Quest Group, Plaintiff worked three pay periods in April and May of 2021. *Id.* at ¶6.

35. Plaintiff alleges that she is entitled to a penalty of $100.00 per pay period for Defendants' initial violation and a penalty of $200.00 per pay period for each subsequent

violation, which total **$500.00** in purported damages for Defendants' purported violations under this cause of action. *Id.* at Ex. 1, ¶171.

    H.    *Cause of Action No. 8: Violation of the California Labor Code*

36.    Plaintiff alleges that because of "Defendants' violations of the Labor Code provisions alleged herein, Plaintiffs are entitled to penalties under Labor Code §§ 2698 and 2699." *Id.* at Ex. 1, ¶178.

37.    During her brief employment with Quest Group, Plaintiff worked three pay periods in April and May of 2021. *Id.* at ¶6.

38.    Plaintiff alleges that she is entitled to a penalty of $50.00 per pay period for Defendants' initial violation, a penalty of $100.00 per pay period for each subsequent violation, and "wages recovered pursuant to this section," which total – at a minimum – **$250.00** plus the amount of purported unpaid wages for Defendants' purported violations under this cause of action. *Id.* at Ex. 1, ¶181.

    I.    *Cause of Action No. 9: Violation of the ICRAA*

39.    Plaintiff first alleges that "Defendants violated Civ. Code § 1786.16 because disclosure form Defendant required Plaintiff to sign failed to comply with Civ. Code § 1786.17, *et seq.* for the reasons specified in this complaint and according to proof at trial." *Id.* at Ex. 1, ¶186.

40.    Plaintiff also alleges "Defendants violate the other aspects of the ICRAA as alleged above," including:

    a.    "Plaintiff maintains **Exhibit 1**[4] violates California law because it unlawfully contains, for example, a 'FCRA Summary of Rights,' none of which are relevant to the disclosure requirements under the ICRAA." *Id.* at Ex. 1, ¶77;

    b.    "Further, **Exhibit 1** is not a 'document that consists solely of the disclosure' within the meaning of Civ. Code § 1786.16, subd. (a)(2)(B) because it is believed it was part of an 18-page document presented electronically to the Plaintiff for review and electronic signature." *Id.* at Ex. 1, ¶78;

---

[4] The Complaint fails to attach the referenced Exhibit 1.

  c. "Moreover, there was no apparent 'box to check' within the meaning of Civ. Code § 1786.16, subd. (b)(1) for Plaintiff to check to request a copy of the Report." *Id.* at Ex. 1, ¶79.

  d. "Further, Plaintiff maintains **Exhibit 1** unlawfully contains an ongoing authorization (also known as an evergreen provision) that provides: 'The Company may obtain consumer reports from any outside organization throughout the course of your to work [*sic*].'" *Id.* at Ex. 1, ¶80.

  e. "Despite Civil Code §§ 1786.12 and 1786.16, subd. (d) which expressly prohibit anyone but the employer from requesting investigative consumer reports on job applicants, **Exhibit 1** demonstrates that 'Quest Group Search, LLC,' not the employer (i.e., Defendant Quest Group Consulting LLC) procured Plaintiff's report." *Id.* at Ex. 1, ¶85.

  f. "If a factfinder determines that Defendant Quest Group Search, LLC was not Plaintiff's employer (a contention that appears obvious since its name is not on Plaintiff Garcia's wage and earning statements), Defendant Quest Group Consulting LLC and Defendant Quest Group Search also violated Civil Code § 1786.16 because it had no legal basis to procure a consumer report on the Plaintiff because it was not Plaintiff's employer." *Id.* at Ex. 1, ¶86.

  g. "Plaintiffs are informed and believe, and based thereon allege, that Defendants violated the ICRAA by procuring a Report without complying with the certification requirements set forth in the FCRA and the ICRAA." *Id.* at Ex. 1, ¶90.

41. Plaintiff thus alleges, at a minimum, seven separate violations of the ICRAA, and she purports that "[t]hese are a few of many reasons Defendants violated the ICRAA, the exact amount and number of reasons to be proven at trial and for each reason of which Plaintiff seeks statutory damages." *Id.* at Ex. 1, ¶90.

42. Plaintiff further asserts that she "may recover statutory damages for <u>each</u> violation of ICRAA." *Id.* at Ex. 1, ¶91 (emphasis added).

43. Plaintiff alleges that "[w]ith respect to each of the aforementioned violations

of the ICRAA provisions and pursuant to Civ. Code § 1786.50(a)(1), Plaintiff seeks to recover statutory damages in the amount not less than $10,000 for each violation." *Id.* at Ex. 1, ¶188.

44. Plaintiff alleges that, for the Ninth Cause of Action alone, she "seeks recovery costs of suit with reasonable attorneys' fees in an amount as the Court may allow, but not to exceed $75,000 in the aggregate for all violations, remedies, claims, costs, and attorneys' fees recovered included. *Id.* at Ex. 1, ¶189.

J. *Cause of Action No. 10: Failure to Provide Seating*

45. Plaintiff alleges that "Defendants violated California Labor Code § 1198 and the applicable wage order because Plaintiffs were not permitted to sit, even if they were not engaged in active duties." *Id.* at Ex. 1, ¶200.

46. During her brief employment with Quest Group, Plaintiff worked three pay periods in April and May of 2021. *Id.* at ¶6.

47. Plaintiff alleges that she is entitled to a penalty of $100.00 per pay period for Defendants' initial violation and a penalty of $200.00 per pay period for each subsequent violation, which total **$500.00** in purported damages for Defendants' purported violations under this cause of action. *Id.* at Ex. 1, ¶202.

K. *Attorney Fees*

48. In her Prayer for Relief as to Counts 1-8 and 10, Plaintiff seeks "all remedies available to [her] under the applicable Industrial Welfare Commission Order including but not limited to Wage Order Numbers 4-2001, 5-2001, 15-2001, and the Labor Code via § 2698, *et seq.* including an award of attorneys' fees, costs, interest, liquidated damages, damages, and penalties according to proof to the extent permitted by law." *Id.* at Ex. 1, Prayer for Relief ¶2.

49. Similarly, Plaintiff seeks as to those counts "reasonable attorneys' fees where available by law, including but not limited to pursuant to Labor Code §§ 2698, *et seq.*, Code of Civil Procedure § 1021.5, and/or other applicable laws." *Id.* at Ex. 1, Prayer for Relief ¶4.

50. In her Prayer for Relief as to Count 9, Plaintiff seeks "reasonable attorneys' fees and costs allowed under all applicable provisions of law." *Id.* at Ex. 1, Prayer for Relief ¶3.

51. Attorney fees are to be included in calculation of the amount in controversy under 28 U.S.C. § 1332(a). *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees."); *see also Kee v. Hiossen, Inc.*, No. 19-cv-1440-WQH-BLM, 2019 WL 5677845, at *3 (S.D. Cal. Nov. 1, 2019) (holding in PAGA action that a "court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met").

52. In prosecuting her individual and PAGA claims, Plaintiff is likely to incur – standing alone – attorney fees well in excess of the $75,000 jurisdictional threshold necessary for removal.

L. *Summary of Amount in Controversy*

53. Plaintiff seeks damages under a variety of cumulative theories. Presuming: (a) three violations of Counts 1-8 and 10; and (b) at a *minimum*, seven violations of Count 9, Plaintiff's damages (excluding attorney fees) total $74,250.

54. That notwithstanding, Plaintiff makes clear that the seven listed violations are only "a few of many reasons Defendants violated the ICRAA, the exact amount and number of reasons to be proven at trial and for each reason of which Plaintiff seeks statutory damages." Mills Dec., Ex. 1, ¶90. Plaintiff further alleges that she seeks up to $75,000 for her ICRAA claim alone, meaning that if she seeks even one penny for any other claim, she will have exceeded the amount in controversy requirement for federal diversity jurisdiction. *Id.* at ¶189.

55. Moreover, Plaintiff seeks recovery of statutory attorney fees for multiple causes of action, which pushes the amount in controversy well above the $75,000 threshold set forth in 28 U.S.C. § 1332(a).

///

## IV. LEGAL AUTHORITY

56. Federal law allows a defendant to remove a case to federal district court in certain instances. In such cases, the burden of establishing removal jurisdiction rests with the party seeking federal jurisdiction. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007);

57. To exercise removal jurisdiction, Defendants must establish that: (a) the matter is between citizens of different States; and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Succinctly, each of these requirements is met in this case.

58. First, Plaintiff is "an individual that resides in California." Mills Dec., Ex. 1, ¶7.

59. Second, Plaintiff alleges damages exclusive of interest and costs well in excess of $75,000, as set forth above.

60. As a result, each requirement under 28 U.S.C. § 1332(a) has been satisfied, and this lawsuit is properly removed to this Court.

WHEREFORE, Defendants request this matter be removed from the Superior Court of the State of California for the County of San Diego to the U.S. District Court for the Southern District of California.

DATED: December 6, 2021

**FOLEY & LARDNER LLP**
Krista M. Cabrera
Kevin Jackson

*s/ Krista M. Cabrera*
Krista M. Cabrera
Attorneys for Defendants QUEST GROUP CONSULTING, LLC, QUEST GROUP SEARCH, LLC, DOUGLAS SHAENER, and JASON HANGES