# EXHIBIT 1



1   Thomas D. Rutledge (SBN 200497)
2   Attorney-at-Law
    113 West G Street, Suite 231
3   San Diego, California 92101
4   Telephone: (619) 886-7224
    thomasrutledgelaw@gmail.com
5

6   Ian Pancer (SBN 246600)
    The Law Office of Ian Pancer
7   105 West F Street, Suite 400
8   San Diego, California 92101
    Phone: (619) 955-6653
9   Fax: (619) 374-7410
10   ian@sandiegolegal.net

11   Attorneys for Plaintiffs

12

13        SUPERIOR COURT OF THE STATE OF CALIFORNIA

14          COUNTY OF SAN DIEGO-CENTRAL DIVISION

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**10/25/2021** at 12:05:57 PM
Clerk of the Superior Court
By Erika Engel,Deputy Clerk

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

| | |
|---|---|
| 15   MARIA A. GARCIA, individually and<br>16   on behalf of herself and others similarly<br>17   situated,<br><br>18            Plaintiffs,<br>19   vs.<br>20   QUEST GROUP CONSULTING LLC, a<br>21   Georgia limited liability company;<br>    QUEST GROUP SEARCH, LLC, a<br>22   Georgia limited liability company;<br>23   DOUGLAS SHAENER, an individual;<br>    JASON HANGES, an individual; and<br>24   DOES 1 through 50 inclusive<br>25            Defendants.<br>26<br>27 | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No.: 37-2021-00045487-CU-OE-CTL

**PLAINTIFFS' REPRESENTATIVE ACTION COMPLAINT FOR:**
1. **PAGA Claim for Failure to Pay State Minimum/Regular Wages;**
2. **PAGA Claim for Failure to Pay State Overtime Wages;**
3. **PAGA Claim for Failure to Timely Pay Wages;**
4. **PAGA Claim for Meal and Rest Break Labor Code Violations;**
5. **PAGA Claim for Inaccurate Wage Statements;**
6. **PAGA Claim for Failure to Maintain Payroll Records;**
7. **PAGA Claim for Failure to Reimburse Business Expenses in Violation of California Labor Code § 2802;**
8. **PAGA Claim for miscellaneous Labor Code Violations;**
9. **Individual Claim for Violations of the California Investigative Consumer Reporting Agencies Act (Civ. Code, § 1786, *et seq.*); and**
10. **PAGA Claim for failure to provide seating.**

28

*COMPLAINT-Garcia, et al. v. Quest Group Consulting LLC, et al.*
Exhibit 1 - Page 1

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

Plaintiff MARIA A. GARCIA, on behalf of herself and acting for the interests of other current and former employees (cumulatively "Plaintiffs" or "Aggrieved Employees") allege the following:

## NATURE OF THE ACTION

1.    Plaintiff GARCIA files this action because Defendants procured an investigative consumer report regarding Plaintiff after requiring Plaintiff, a job applicant, at the time, to sign an unlawful disclosure form whereupon Defendants procured a consumer investigative report on the Plaintiff, which form violated the Investigative Consumer Reporting Agencies Act (the "ICRAA") under Cal. Civ. Code § 1786, *et seq.* because the form: (1) failed to provide a clear and conspicuous disclosure; and (2) failed to comply with § 1786, *et seq.*

2.    Pursuant to Labor Code Private Attorney General Act ("PAGA"), §§ 2698, 2699 of the California Labor Code, Plaintiffs also bring this representative action against Defendants for violations of the California Labor Code and the Industrial Welfare Commission Wage Orders (the "IWC Wage Orders").

3.    In connection with Plaintiffs' PAGA claims, Plaintiffs seek only PAGA civil penalties (no wages and no individualized relief except for the named the Plaintiff), reasonable attorneys' fees, and costs within the meaning of *Esparza v. KS Indus., L.P.* (2017) 13 Cal.App.5th 1228.

## JURISDICTION AND VENUE

4.    Pursuant to Article VI, § 10 of the California Constitution, subject matter jurisdiction is proper in the Superior Court of California, County of San Diego, State of California because Plaintiffs allege claims arising under California law.

5.    This Court has jurisdiction over the Defendants because each is an association, corporation, business entity, or individual that conducts substantial business in the State of California, County of Sacramento.

6.    Pursuant to § 395 of the California Code of Civil Procedure, venue is proper in the Superior Court of California for the County of San Diego because

Defendant QUEST GROUP CONSULTING LLC is a Georgia limited liability company unlawfully (it is unregistered with the California Secretary of State) doing business in California and which entity's lack of records with the California Secretary of State does not indicate where it maintains its headquarters in California.

## THE PARTIES

7.    Plaintiff MARIA A. GARCIA is an individual that resides in California.

8.    Defendant QUEST GROUP CONSULTING LLC ("QUEST") is a Georgia limited liability company unlawfully (it is unregistered with the California Secretary of State) doing business in California.

9.    Defendant QUEST GROUP SEARCH, LLC is a Georgia limited liability company unlawfully (it is unregistered with the California Secretary of State) doing business in California.

10.    Defendant DOUGLAS SHAENER is an individual and during all times relevant is and was the Managing Director of Defendant QUEST and, as such, this Defendant is believed to be an "other person acting on behalf of an employer" within the meaning of Labor Code §§ 558 and 558.1.

11.    Defendant JASON HANGES is an individual and during all times relevant is and was the Managing Director of Defendant QUEST and, as such, this Defendant is believed to be an "other person acting on behalf of an employer" within the meaning of Labor Code §§ 558 and 558.1.

12.    The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as DOES 1 through 50, are unknown to Plaintiffs at this time. Plaintiffs therefore sue said Defendants by such fictitious names pursuant to § 474 of the California Code of Civil Procedure. Plaintiffs will seek leave to amend this Complaint to allege the true names and capacities of DOES 1 through 50 when the correct identities are ascertained. Plaintiffs are informed and believe, and based thereon allege, that each of the DOE Defendants is in some manner liable to Plaintiffs for the events and actions alleged herein. All named Defendants

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

and DOES 1 through 50 are collectively referred to as "Defendants."

13.     Plaintiffs are informed and believe, and based thereon allege, that at all times relevant herein each Defendant was acting as an agent, joint venture, or as an integrated enterprise and/or alter ego for each of the other Defendants, and each was a co-conspirator with respect to the acts and the wrongful conduct alleged herein, so that each is responsible for the acts of the other in connection with the conspiracy and in proximate connection with the other Defendants.

14.     Plaintiffs are informed and believe, and based thereon allege, that each Defendant was acting partly within and partly without the scope and course of their employment, and was acting with the knowledge, permission, consent, and ratification of every other Defendant.

15.     Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants was an agent, managing general partner, managing member, owner, co-owner, partner, employee, and/or representative of each of the Defendants, and were at all times material hereto, acting within the purpose and scope of such agency, employment, contract and/or representation, and that each of them are jointly and severally liable to Plaintiffs and the Aggrieved Employees for the acts alleged herein

16.     Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants are liable to Plaintiffs under legal theories and doctrines including but not limited to (1) joint employer; (2) integrated enterprise; (3) agency; and/or (4) alter ego, based in part, on the facts set forth below.

17.     Plaintiffs are informed and believe, and based thereon allege, that each of the named Defendants are part of an integrated enterprise and have acted or currently act as the employer and/or joint employer of Plaintiffs and Aggrieved Employees, making each of them liable for the wage and hour violations alleged herein.

## GENERAL ALLEGATIONS

18.     Defendants are temporary service employers withing the meaning of

Labor Code § 201.3(a)(1).

19.    At all times relevant and within a year of this Complaint, Defendants employed Plaintiff GARCIA and other Aggrieved Employees on an hourly basis as non-exempt workers to perform work in California for various customers (other entities).

20.    Defendants paid Plaintiffs and Aggrieved Employees on an hourly basis and considered them non-exempt.

21.    Defendants employed Plaintiff as a youth care worker to supervise unaccompanied migrant children who were temporarily housed in California.

22.    The place where the children were being kept was a massive shelter to house hundreds of migrant children, most of whom had arrived in the U. S. via the southern border unaccompanied.

23.    Plaintiff was employed by Defendants throughout the month of May 2021.

24.    Before entering the workplace, Plaintiff was required to pass through a screening for security and Covid symptoms, including temperature screening.

25.    The time spent waiting in line for and submitting to screening was compensable time for which Defendants failed to pay Plaintiff and similarly Aggrieved Employees.

26.    After completing the screening, Plaintiff and other employees were given a wristband to indicate they had been cleared to enter.

27.    The clock in station that recorded Plaintiff's time of arrival was located inside the convention center, beyond the screening line.

28.    Before being allowed to clock in, Plaintiff was required to spend time under the control of Defendants waiting to be cleared.

29.    Additionally, before being allowed to clock in, Plaintiff was required periodically to submit to tests for Covid, as distinguished from the security check and temperature screening that was required daily.

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

30.     At the beginning of Plaintiff's workday, Defendants provided Plaintiff a radio she was required to keep in her possession at all times.

31.     Defendants required Plaintiff to listen and respond to radio calls at all times, even during any purported periods of rest.

32.     Defendants would contact Plaintiff on the radio, even during purported periods of rest, and ask questions such as inquiring what the "count' was – i.e., what was the number of children in a particular location, among other things.

33.     Additionally, Defendants would contact Plaintiff even during purported periods of rest and ask her to resume work when Defendants were short on staff.

34.     Plaintiff was subject to reprimand if she did not respond to radio calls during purported periods of rest.

35.     Plaintiff's regular rate of pay exceeded $28.34/hr., including wages of $28.34/hr. plus the pro rata value of meals and lodging.

36.     Defendants calculated Plaintiff's overtime compensation based on an erroneous regular rate of pay.

37.     To the extent Defendants compensated Plaintiff with an overtime premium, they paid Plaintiff at the rate of $35.70 (1.5 x $23.80) per overtime hour, while Plaintiff's overtime hours should have been compensated at a rate of $42.51 (1.5 x $28.34) plus the pro rata value of meals and lodging per overtime hour.

38.     Additionally, to the extent Defendants compensated Plaintiff with a double time premium, they paid Plaintiff at the rate of $47.60 (2  x $23.80) per double time hour, while Plaintiff's double time hours should have been compensated at the rate of $56.68 (2 x $28.34) plus the pro rata value of meals and lodging per double time hour.

**Unpaid Overtime Wages.**

39.     Within the last year before the filing of this action and continuing to the present, and pursuant to company policy and/or practice and/or direction, based on the policies implemented and enforced by Defendants, Defendants regularly and

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

systematically, as a policy and practice, underpaid Plaintiffs and similarly situated employees' overtime.

40.    As to Plaintiff GARCIA and similarly situated Aggrieved Employees, this claim is premised, in part, on Defendants' requiring Aggrieved Employees to work off the clock.

41.    Specifically, Aggrieved Employees would be required to spend unpaid time waiting in line for and submitting to security and Covid screenings, as well as Covid tests, which they were required to do before they clocked in.    This was compensable time for which Aggrieved Employees were not paid.

42.    This claim is also premised, in part, on Plaintiffs' allegations of Defendants paying overtime at incorrect hourly rates.

43.    For example, during the May 1, 2021 to May 7, 2021, pay period, the wage and earning statement Defendants issued Plaintiff GARCIA shows she worked 3.4 hours of double overtime, and that her normal hourly rate was $28.34, but double that amount for double overtime is $192.71, yet Defendants paid her only $161.84. In fact, the regular rate of pay was greater than $28.34 due to the provision of meals and lodging.

44.    Another example occurred during the May 8, 2021 to May 14, 2021 pay period where Defendants issued Plaintiff GARCIA a wage and earning statement that reported Plaintiff GARCIA working 1.70 hours of double overtime and paying her $80.92, but at the regular rate of pay of $28.34 Defendants should have paid her $96.36.

45.    Indeed, the regular rate of pay was greater than $28.34 due to the provision of meals and lodging.

46.    Additionally, Plaintiffs are informed and believe and based thereon allege that Defendants' overtime payments it paid to Aggrieved Employees unlawfully did not include all forms of renumeration.

47.    Pursuant to § 49.1.1 of the California Division of Labor Standards and

Enforcement Policies and Interpretations Manual, "In California, as with the federal FLSA, overtime is computed based on the regular rate of pay. The regular rate of pay includes many different kinds of remuneration, for example: hourly earnings, salary, piecework earnings, commissions, certain bonuses, *and the value of meals and lodging*." (Emphasis added.)

48.      Plaintiffs and Aggrieved Employees earned such renumeration, including meals and lodging and such renumeration was not included in their regular rate of pay for purposes of overtime compensation during the relevant pay periods.

49.      This claim is also premised, in part, on Plaintiffs' right to pursue all Labor Code claims on behalf of Aggrieved Employees per *Huff v. Securitas Security Services USA, Inc*. (2018) 23 Cal.App.5th 745.

50.      These are a few of many similar instances where Defendants failed to pay all wages to the Plaintiffs and the Aggrieved Employees.

**Unpaid Minimum/Regular Wages.**

51.      Within the last year before the filing of this action and continuing to the present, and pursuant to company policy and/or practice and/or direction, Defendants, based on the policies implemented and enforced by Defendants, failed to pay Plaintiffs and Aggrieved Employees all their regular/minimum wages, in an amount to be proven at trial.

52.      The basis for Plaintiffs' and Aggrieved Employees' unpaid minimum wage/regular wage claim is based on, among other things, the above alleged policies implemented by Defendants, such as Defendants' requirement that Plaintiffs and similarly situated Aggrieved Employees engage in compensable work before clocking in, among other things.

53.      Plaintiffs are informed and believe, and based thereon allege, this claim is also premised on Plaintiffs' allegations that Aggrieved Employees performed work on public works projects where Defendants were required to pay Aggrieved Employees prevailing wages, yet did not pay such wages or the proper amount of

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

1   such wages.

2       54.    This claim is also premised, in part, on Plaintiffs' right to pursue all

3   Labor Code claims on behalf of Aggrieved Employees per *Huff v. Securitas Security*

4   *Services USA, Inc*. (2018) 23 Cal.App.5th 745.

5   **Meal and Rests Break Claims.**

6       55.    Within the last year before the filing of this action, and pursuant to

7   company policy and/or practice and/or direction, Plaintiffs are informed and believe

8   and therefore allege that Defendants, based on the policies implemented and enforced

9   by Defendants, failed to permit Plaintiffs and Aggrieved Employees to take all of

10  their compliant off-duty meal and rest breaks during the required timeframe as

11  required by law and failed to pay them premium pay in lieu thereof, in an amount to

12  be proven at trial.

13      56.    The basis for Plaintiffs' and Aggrieved Employees' meal break claim is

14  based, in part, on a policy implemented by Defendants that required Plaintiff

15  GARCIA and Aggrieved Employees to always remain at the work premises as well as

16  listen and respond to radio calls, instead of giving them an uninterrupted 30-minute

17  break required under California law.

18      57.    Many times, in an amount to be proven at trial, Plaintiffs are informed

19  and believe and therefore allege that in cases where Plaintiffs and Aggrieved

20  Employees worked more than five and/or ten hours in a workday, they were deprived

21  their right to take an uninterrupted meal break and Defendants failed to pay them

22  premium pay for their missed or noncompliant meal breaks.

23      58.    Plaintiffs' rest break claim is premised on Defendants' policy that

24  required Plaintiff and Aggrieved Employees to work alone or under circumstances

25  that prevented them from taking a meal and rest break because of Defendants'

26  policies requiring workers to be near the migrants they were watching.

27      59.    Because of Defendants' policy, Defendants prevented Plaintiffs and

28  Aggrieved Employees from taking all their uninterrupted rest breaks to which they

had the right to enjoy in an amount to be proven at trial, and Defendants failed to pay them premium pay as required under California law. (*See Augustus v. ABM Security Services* (2016) 2 Cal.5th 257.)

60.     This claim is also premised, in part, on Plaintiffs' right to pursue all Labor Code claims on behalf of Aggrieved Employees per *Huff v. Securitas Security Services USA, Inc.* (2018) 23 Cal.App.5th 745.

**Unreimbursed Work-Related Expense Claims.**

61.     During all times relevant, and pursuant to company policy and/or practice and/or direction, Defendants required Plaintiffs and, upon information and belief, Aggrieved Employees to use their cell phones and incur various other expenses associated with their work for Defendants.

62.     Plaintiffs allege that Defendants, via its managers, typically called, texted, and emailed Plaintiffs and the Aggrieved Employees during working hours.

63.     Plaintiffs and similarly affected Aggrieved Employees disavow any knowledge of written policies allowing them to request reimbursement for such work-related expenses and, as a result, never were paid for said expenses.

64.     Plaintiffs are informed and believe, and thereupon allege, that Defendants' requirement for employees to use their supplies and equipment to perform their work duties without reimbursement was an attempt to defray the costs onto its employees.

65.     Defendants passed the cost of doing business onto its employees by requiring, without reimbursement, their employees to purchase equipment, tools, and services necessary to perform work for Defendants.

66.     This claim is also premised, in part, on Plaintiffs' right to pursue all Labor Code claims on behalf of Aggrieved Employees per *Huff v. Securitas Security Services USA, Inc.* (2018) 23 Cal.App.5th 745.

**Erroneous Wage Statements in Violation of Labor Code § 226.**

67.     During all times relevant, and pursuant to company policy and/or

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

practice and/or direction and continuing to the present, and pursuant to company policy and/or practice and/or direction, Defendants issued confusing and inaccurate wage and earning statements to Plaintiffs, which wage and earning statements failed to identify their correct rates of pay and/or correct gross and net earnings during the applicable pay period.

68.     Compounding the foregoing error is that Defendants failed to pay Plaintiff and similar Aggrieved Employees according to the statutory requirements of Labor Code § 201.3.

69.     Further compounding the foregoing error is that Defendants issued Plaintiff and similar Aggrieved Employees paystubs with incorrect rates of pay.

70.     In addition to the foregoing stand-alone claim under Labor Code § 226, Plaintiffs' paystubs and those of similarly situated employees of Defendants were inaccurate because Defendants failed to pay them all wages, as alleged above, supporting a derivative claim under Labor Code § 226.

71.     This claim is also premised, in part, on Plaintiffs' right to pursue all Labor Code claims on behalf of Aggrieved Employees per *Huff v. Securitas Security Services USA, Inc*. (2018) 23 Cal.App.5th 745.

**Derivative PAGA Claims.**

72.     During all times relevant, and pursuant to company policy and/or practice and/or direction, Aggrieved Employees did not receive their final paychecks immediately upon involuntary termination or within 72 hours of voluntary separation, Defendants did not pay all final wages at the location of employment, and said final paychecks did not include all wages due to the employee.

73.     Based on the foregoing misconduct, Defendants issued Plaintiffs erroneous paystubs.

74.     To date, Plaintiffs are informed and believe, and therefore allege, that Defendants have not paid Aggrieved Employees all wages due and payable, in an amount to be proven at trial in violation of Labor Code § 203 and 256 via PAGA.

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

**ICRAA Claims.**

75.     On or about April 28, 2021, as part of Defendants' routine practice, policy, and procedure, Defendants required Plaintiff, a job applicant at that time, to sign various forms that purported to allow Defendants to obtain a consumer investigative report on the Plaintiff via a third party.

76.     Defendants' purported permission to conduct the foregoing investigative consumer report was based, in part, on an 18-page document consisting of various form Defendants required Plaintiff to sign. Attached hereto and marked as **Exhibit 1** is a true and correct copy of the foregoing form, the contents of which are incorporated herein by reference as though alleged herein.

77.     Plaintiff maintains **Exhibit 1** violates California law because it unlawfully contains, for example, a "FCRA Summary of Rights," none of which are relevant to the disclosure requirements under the ICRAA. (See **Ex. 1**.)

78.     Further, **Exhibit 1** is not a "document that consists solely of the disclosure" within the meaning of Civ. Code § 1786.16, subd. (a)(2)(B) because it is believed it was part of an 18-page document presented electronically to the Plaintiff for review and electronic signature.

79.     Moreover, there was no apparent "box to check" within the meaning of Civ. Code § 1786.16, subd. (b)(1) for Plaintiff to check to request a copy of the Report.

80.     Further, Plaintiff maintains **Exhibit 1** unlawfully contains an ongoing authorization (also known as an evergreen provision) that provides:

> The Company may obtain consumer reports from any outside organization throughout the course of your to work.

(**Ex. 1**, p. 12.)

81.     Plaintiff maintains the foregoing paragraph in **Exhibit 1** violates Cal. Civ. Code§ 1786.16(a)(2) (requiring that a written disclosure be provided "at any time" an investigative consumer report is sought, subject to narrow exceptions)

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

because it contains an "evergreen consent" provision that violates the requirement that Defendants provide Plaintiff with written disclosures and obtain written authorization each time an investigative consumer report is sought.

82.    Civil Code § 1786.16, subd. (d) further provides, "Those persons described in subdivision (d) of Section 1786.12 constitute the *sole and excusive* class of persons who may cause an investigative consumer report to be prepared." (Emphasis added.)

83.    Civil Code § 1786.12, in relevant part, moreover provides, "An investigative consumer reporting agency shall only furnish an investigative consumer report. . . To a person that it has reason to believe: (1) Intends to use the information for *employment purposes*." (Emphasis added.)

84.    Civil Code § 1786.2, subd. (f) defines the term "*employment purposes*, when used in connection with an investigative consumer report, means a report used for the purpose of evaluating a consumer for employment, promotion, reassignment, or retention *as an employee*." (Emphasis added.)

85.    Despite Civil Code §§ 1786.12 and 1786..16, subd. (d) which expressly prohibit anyone but the employer from requesting investigative consumer reports on job applicants, **Exhibit 1** demonstrates that "Quest Group Search, LLC," not the employer (i.e., Defendant QUEST GROUP CONSULTING LLC) procured Plaintiff's report.

86.    If a factfinder determines that Defendant QUEST GROUP SEARCH, LLC was not Plaintiff's employer (a contention that appears obvious since its name is not on  Plaintiff GARCIA's wage and earning statements), Defendant QUEST GROUP CONSULTING LLC and Defendant QUEST GROUP SEARCH also violated Civil Code § 1786.16 because it had no legal basis to procure a consumer report on the Plaintiff because it was not Plaintiff's employer.

87.    Further, § 1786.20 of the Civ. Code governs what privacy policies a consumer reporting agency must maintain, where they must be published, and what

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

specifically its "privacy statement" must provide when doing business in California (i.e., furnishing reports on California job applicants), yet the evidence appears to demonstrate that the apparent consumer reporting agency that Defendants hired (i.e., Verified First) lacked having a lawful privacy policy in effect when Plaintiff GARCIA's report was procured.

88.    By law, before an employer can procure a report on an employee or job applicant, the employer must certify to the furnishing agency that it (the employer) complied, and will continue to comply, with various requirements of the ICRAA. Civ. Code §1786.16(a)(4).

89.    Plaintiff GARCIA is informed and believes there is no evidence of certifications whatsoever from the Defendants as required under the ICRAA.

90.    Accordingly, Plaintiffs are informed and believe, and based thereon allege, that Defendants violated the ICRAA by procuring a Report without complying with the certification requirements set forth in the FCRA and the ICRAA.

91.    These are a few of many reasons Defendants violated the ICRAA, the exact amount and number of reasons to be proven at trial and for each reason of which Plaintiff seeks statutory damages. (*Ballard v. Pac. Logistics Corp.* (C.D.Cal. Feb. 25, 2019, No. CV 18-10320 DSF (JCx)) 2019 U.S.Dist.LEXIS 62121 [plaintiff may recover statutory damages for each violation of ICRAA.)

## REPRESENTATIVE ACTION (i.e., PAGA) CLAIMS

92.    The duties and business activities of the Aggrieved Employees were essentially the same as the duties and activities of the Plaintiff described above.

93.    This is a wage and hour representative action filed pursuant to PAGA, §§ 2698, 2699 that generally consists of the following group:

**All current or former nonexempt employees who worked**
**for the Defendants in the state of California from October**
**21, 2020 to the present.**

94.    All members of the represented group will be referred to as the

"Aggrieved Employees."

95.     The "Representative Period" means from **October 21, 2020** to the present.

96.     Plaintiff further alleges, on information and belief, that Aggrieved Employees, did not receive all wages due at the time their employment ended with Defendants.

97.     On information and belief, Defendants' current and former employees were subject to wage and hour violations by Defendants, including failing to be paid for all wages due.

98.     California law provides that an employee may file an action against an employer for penalties in connection with violations of the Labor Code and Wage Orders provided the aggrieved employee file an action on behalf of him or herself and similarly situated current and former employees.

99.     At all material times, Defendants and DOES 1 through 50 were and/or are Aggrieved Employees' employers or persons acting on behalf of Aggrieved Employees' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Labor Code § 558.

100.    As set forth in further detail below, based on the analysis and investigation of the Plaintiffs' claims, Plaintiffs' attorneys sent letters to the California Labor and Workforce Development Agency (hereinafter referred to as "LWDA") and to Defendants informing Defendants of his claims and his intent to pursue litigation.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

101.    As to penalty claims under the Labor Code Private Attorney General Act, on **October 21, 2021**, Plaintiffs, *et al.*, via counsel, sent correspondence to the

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

LWDA and Defendants via certified U.S. Mail indicating that Plaintiffs are pursuing the claims alleged in this Complaint.

102.   By the time this Complaint is amended, the statutory period under the PAGA for Plaintiffs will have expired from the date of letter alleged above and the LWDA will not have serves Plaintiffs with notice of its intent to assume jurisdiction over the applicable penalty claims and did not provide notice as set forth in Labor Code § 2699.3 (a)(2)(A) within the statutory period.

103.   Therefore, Plaintiffs will have exhausted Plaintiffs' administrative remedies to pursue claims and remedies as authorized by the PAGA.

104.   The Causes of Action alleged herein are appropriately suited for a Representative Action under the PAGA (Labor Code § 2698, *et seq.*) because:

   a.   This action involves allegations of violations of provisions of the California Labor Code that provide for a civil penalty to be assessed and collected by the LWDA or any departments, divisions, commissions, boards, agencies, or employees;

   b.   Plaintiffs are "aggrieved employees" because Plaintiffs were employed by the alleged violator and had one or more of the Labor Code violations alleged on this Complaint committed against them; and

   c.   Plaintiffs have satisfied the procedural requirements of Labor Code § 2699.3, as set forth above.

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

Thomas D. Rutledge
Attorney-at-Law
113 West C Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

# FIRST CAUSE OF ACTION

**Individual and Representative Claim for PAGA Penalties**

**Under California Labor Code §§ 2698, 2699, *et seq.* for**

**Failure to Pay Local/State Minimum/Regular/Prevailing Wages**

**in Violation of California Labor Code § 1194, 1197, 1771, 1774, 1776, 1811, and**

**1815, 1198, and the applicable Industrial Welfare Commission ("IWC")**

**Wage Order, and Where applicable the Local Min. Wage Ordinance**

(Against all Defendants)

105.   Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

106.   Pursuant to Labor Code §§ 1194, 1197, 1197.1, 1771, 1774, 1776, 1811, 1815, and 1198, it is unlawful for a California employer to suffer or permit an employee to work without paying wages for all hours worked, as required by the applicable Industrial Welfare Commission ("IWC") Wage Order.

107.   During all times relevant, Defendants were required to pay Plaintiffs and other members of the Aggrieved Employees their respective hourly rate for all hours worked and/or minimum wages and/or prevailing wages per state law or applicable local law.

108.   During all times relevant, at least one of the IWC Wage Orders applied to Plaintiffs' employment with Defendants.

109.   Pursuant to the applicable Wage Order, "hours worked" include the time during which an employee is "suffered or permitted to work, whether or not required to do so."

110.   Under state and, where appropriate, local law, every employer must pay each nonexempt employee minimum wages. (*See, e.g.*, Los Angeles County Minimum Wage Ordinance (Chap. No. 8.100.010, *et seq.*); Sacramento Minimum Wage Ordinance, etc.)

111.   During the proposed Aggrieved Employees Period and based on the

misconduct alleged above, Defendants did not pay Plaintiffs and Aggrieved Employees minimum/regular wages for all hours suffered or permitted to work in violation of state and/or local law and/or prevailing wage law.

112.   Labor Code § 1194 subdivision (a) permits an action to recover wages because of the payment of a wage less than the minimum wage "applicable to the employee" including attorneys' fees, costs, and interest.

113.   At all material times, Defendants were and/or are Aggrieved Employees' employers or persons acting on behalf of Aggrieved Employees' employer, within the meaning of California Labor Code §§ 558 and 558.1, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to civil penalties for each underpaid employee as set for in Labor Code § 558.

114.   In committing the violations of state law as herein alleged, Plaintiffs are informed and believe based there upon allege that Defendants have knowingly and willfully refused to perform their obligations to compensate Aggrieved Employees for all wages earned and all hours worked.

115.   As a direct result, Aggrieved Employees have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages, lost interest on such monies and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligations under state and/or local law.

116.   Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them, a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation in which Defendants violated the minimum wage and/or regular wage provisions of the Labor Code, including but not limited to §§ 216, 218, 218.5, 558, 1194, 1197, 1197.1, 1771, 1774, 1776, 1811, 1815, 1182.12, 1194.2, 1197, and 1198 the exact amount of the applicable penalty is

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

- 18 -

all in an amount to be shown according to proof at trial.

117.   Pursuant to Labor Code § 2699, Plaintiffs and Aggrieved Employees seek to recover from Defendants, and each of them, penalties, attorneys' fees, and costs incurred herein.

## SECOND CAUSE OF ACTION

**Individual and Representative Claim for PAGA Penalties**

**Under California Labor Code §§ 2698, 2699, *et seq.* for**

**Failure to Pay State Overtime and/or Double-Time Compensation**

**in Violation of California Labor Code §§ 216, 218, 218.5, 225.5,**

**1182.12, 1194, 1194.2, 1197, 1197.1, 1771, 1774, 1776, 1811, 1815, 1198, and the**

**Applicable IWC Wage Order**

(Against all Defendants)

118.   Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

119.   California law requires an employer to pay each employee for the actual hours worked. (*See* Cal. Labor Code §§ 200, 226.)

120.   During all times relevant, one or more of the IWC Wage Orders applied to Plaintiffs' employment with Defendants.

121.   Pursuant to § 2(K) of the applicable Wage Order(s), including Wage Order 15, "hours worked" include the time during which an employee is "suffered or permitted to work, whether or not required to do so."

122.   Pursuant to Labor Code §§ 510, 1194, 1194.2, and § 3 of the applicable Wage Order(s), for each hour (or fraction thereof) an employee works up to forty (40) hours in a week and eight (8) hours in a day, the employer must pay the employee's regular hourly wage. For each hour (or fraction thereof) an employee works over forty (40) hours in a week or more than eight (8) hours in a workday the employer must pay the rate of one and a half times the employee's regular hourly wage.

123.   For each hour (or fraction thereof) an employee works more than

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

twelve (12) hours in one day or more than eight (8) hours a day on the seventh consecutive day of work, the employer must compensate the employee at the rate of no less than twice the regular rate of pay for that employee.

124.   During all times relevant, and pursuant to company policy and/or practice and/or direction, Defendants required Plaintiffs and the Aggrieved Employees to work more than 40 hours per week and/or eight hours in a workday and Defendants did not pay Plaintiff and the Aggrieved Employees all overtime compensation to which they should have received.

125.   According to § 49.1.1 of the California Division of Labor Standards and Enforcement Policies and Interpretations Manual, "In California, as with the federal FLSA, overtime is computed based on the regular rate of pay. The regular rate of pay includes many different kinds of remuneration, for example: hourly earnings, salary, piecework earnings, commissions, *certain bonuses*, and the value of meals and lodging." (Emphasis added.)

126.   As alleged herein, Defendants failed to pay Aggrieved Employees all overtime to which they had a right to receive.

127.   In committing the violations of state law as herein alleged, Defendants have knowingly and willfully refused to perform their obligations to compensate Aggrieved Employees for all wages earned and all hours worked.

128.   At all material times, Defendants were and/or are Aggrieved Employees' employers or persons acting on behalf of Aggrieved Employees' employer, within the meaning of California Labor Code §§ 558 and 558.1, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Labor Code § 558.

129.   In committing the violations of state law as herein alleged, Defendants have knowingly and willfully refused to perform their obligations to compensate

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

Aggrieved Employees for all wages earned and all hours worked.

130.   Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them, a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation in which Defendants violated the overtime provisions of the Labor Code, including but not limited to §§ 510, 558 and 1194, the exact amount of the penalties sought is in an amount to be shown according to proof at trial.

131.   Pursuant to Labor Code § 2699, Plaintiffs seek to recover from Defendants, and each of them, penalties, attorneys' fees, and costs incurred herein.

## THIRD CAUSE OF ACTION

**Individual and Representative Claim for PAGA Penalties**

**Under California Labor Code §§ 2698, 2699, *et seq.* for**

**Failure to Timely Pay Earned Wages in Violation of California**

**Labor Code §§ 201, 201.3, 202, 203, 204, 204b,**

**218.5, 218.6, 256, 1198, and the applicable Wage Order**

(Against all Defendants)

132.   Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

133.   Pursuant to Labor Code § 201, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

134.   Pursuant to Labor Code § 201.3, temporary employment agencies must pay temporary employees weekly.

135.   Pursuant to Labor Code § 202, "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

**Thomas D. Rutledge**
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

employee is entitled to his or her wages at the time of quitting."

136.   Labor Code § 203 provides, in pertinent part: "If an employer willfully fails to pay, without abatement or reduction, ... any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days. ..."

137.   Pursuant to Labor Code § 204, "all wages … earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

138.   Pursuant to Labor Code § 204b, "Labor performed by a weekly-paid employee during any calendar week and prior to or on the regular payday shall be paid for not later than the regular payday of the employer for such weekly-paid employee falling during the following calendar week."

139.   Defendants did not properly pay Plaintiff and Aggrieved Employees pursuant to the requirements of Labor Code §§ 201, 202, 204 and/or 204b and thereby Plaintiffs seek the unpaid wages.

140.   To date, Defendants have not paid terminated Aggrieved Employees all earned wages as required by law.

141.   At all material times, Defendants and DOES 1 through 50 were and/or are Aggrieved Employees' employers or persons acting on behalf of Aggrieved Employees' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Labor Code § 558.

142.   In committing the violations of state law as herein alleged, Defendants have knowingly and willfully refused to perform their obligations to compensate Aggrieved Employees for all wages earned and all hours worked.

143.   Labor Code § 2699, *et seq*. imposes upon Defendants, and each of them, a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation in which Defendants violated Labor Code §§ 201, 202, 203, 204, 204b, and 256.

144.   As alleged above, Defendants have deprived Plaintiffs and Aggrieved Employees of their rightfully earned wages as a direct and proximate result of Defendants' failure and refusal to pay said compensation and for the reasons alleged in this Complaint

145.   Plaintiffs seek all waiting time penalties, interest, attorneys' fees, costs, damages, and other remedies pursuant to the PAGA in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

**Individual and Representative Claim for PAGA Penalties**

**Under California Labor Code §§ 2698, 2699, *et seq*. for**

**Failure to Comply with the Meal and Rest Break Requirements Under Labor Code §§ 226.7, 512, 1198, and the applicable IWC Wage Order**

(Against all Defendants)

146.   Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

147.   Based on the misconduct alleged in this Complaint, Defendants failed to pay Plaintiff and Aggrieved Employees premium pay for all their missed meal and rest breaks and failed to comply with Labor Code §§ 226.7, 512, and 1198.

148.   Because of Defendants' illegal pay practices, said Defendants failed to pay Plaintiff and Aggrieved Employees for all meal and rest breaks despite their requirement under California law and, as such, all culpable Defendants are required to pay Plaintiff and Aggrieved Employees for rest break and/or meal break premium wages.

**Thomas D. Rutledge**
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

149. Defendants also failed to provide Plaintiff, and Aggrieved Employees, legally-compliant meal and rest periods, or compensation in lieu thereof, during their employment by said Defendants.

150. Cal. Labor Code § 2699, *et seq.* imposes upon all culpable Defendants a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation in which all culpable Defendants violated Cal. Labor Code §§ 226.7 and 512, the exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

151. Wherefore, Plaintiffs request all remedies available to them and to the Aggrieved Employees pursuant to the PAGA.

### FIFTH CAUSE OF ACTION

**Individual and Representative Claim for PAGA Penalties**

**Under California Labor Code §§ 2698, 2699, *et seq.* for**

**Violations of California Labor Code §§ 226, 226.3, 226.6, 1198,**

**and the applicable IWC Wage Order**

(Against all Defendants)

152. Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

153. Plaintiffs allege that Labor Code § 226 subdivision (a) requires, in pertinent part, that every employer shall, "semimonthly or at the time of each payment of wages, shall furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee. . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number…, (8) the name and address of the legal entity that is the employer. . ., and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. . ." (Labor Code § 226 subdivision (a).)

154.    Upon information and belief, during all times relevant to this action, Defendants did not provide accurate wage statements throughout the Aggrieved Employees Period and, thus, Plaintiffs assert this claim both as a stand-alone claim and derivative of their unpaid wage claims.

155.    On numerous occasions, an exact amount by which will be proven at trial, Defendants violated various provisions of § 226, including but not limited to subdivisions (a)(1), (a)(2), (a)(4), (a)(5), and (a)(9) by failing to provide Plaintiffs and the Aggrieved Employees accurate itemized statement in writing accurately showing gross wages earned, total hours worked by the employee, net wages earned, rates of pay, among other things.

156.    Cal. Labor Code § 2699, *et seq.* imposes upon all culpable Defendants a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation in which all culpable Defendants violated the applicable Cal. Labor Code provisions alleged in this Complaint, the exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

157.    Pursuant to Labor Code § 2699, Plaintiffs and Aggrieved Employees seek to recover from Defendants, and each of them, penalties, attorneys' fees, and costs incurred herein under §§ 226, 226.3, and 226.6 in an amount to be proven at trial.

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

## SIXTH CAUSE OF ACTION

**Individual and Representative Claim for PAGA Penalties**

**For Failure to Maintain Required Records in Violation of California**

**Labor Code §§ 1174 and the Applicable Wage Order and/or § 1198**

(Against All Defendants)

158.   Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

159.   Section 7 of the typical Wage Order requires every employer to maintain time and payroll records.

160.   Plaintiffs are informed and believe and based thereon alleges that during all times relevant, Defendants failed to comply with § 7 of the applicable IWC Orders and with Labor Code § 1174 by failing to maintain certain records which employers are required to maintain, including but not limited to, an accurate record indicating the number hours worked by the Plaintiffs.

161.   Cal. Labor Code § 2699, *et seq.* imposes upon all culpable Defendants a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation in which all culpable Defendants violated the applicable Cal. Labor Code provisions alleged in this Complaint, the exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

162.   For the reasons alleged herein, Plaintiffs seek all available remedies pursuant to the PAGA in an amount to be proven at trial including but not limited to penalties, attorneys' fees, costs, and interest pursuant to law.

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

**SEVENTH CAUSE OF ACTION**

**Individual and Representative Claim for PAGA Penalties**

**Under California Labor Code §§ 2698, 2699, *et seq.* for**

**Failure to Failure to Indemnify/Reimburse Business Expenses in Violation of**

**California Labor Code §§ 2802, 1198, and the Applicable Wage Order**

(Against all Defendants)

163.   Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

164.   California Labor Code § 2802 requires employers to indemnify their employees for expenses and losses incurred while discharging their duties or obedience to the directions of their employer.

165.   California Labor Code § 2804 prohibits waiver of this statutory right.

166.   The Plaintiffs and the Aggrieved Employees incurred losses in obedience to the directions of Defendants including but not limited to cell phone expenses.

167.   Upon information and belief, Defendants maintained no policy of reimbursement of such expenses, and refused to reimburse said expenses.

168.   Defendants required Plaintiffs and Aggrieved Employees to purchase and provide their own equipment, services, and supplies to work for Defendants.

169.   As a direct result of Defendants' violations of California Labor Code § 2802, the Plaintiffs and Aggrieved Employees suffered and continue to suffer substantial losses related to unpaid expenses, the use and enjoyment of monies owed, lost interest on monies owed, and attorneys' fees in an amount to be proven at the time of trial.

170.   Defendants derived an unjust and inequitable economic benefit in failing to comply with the law regarding indemnification and reimbursement of employees.

171.   Cal. Labor Code § 2699, *et seq.* imposes upon all culpable Defendants a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

pay period for each subsequent violation in which all culpable Defendants violated the applicable Cal. Labor Code provisions alleged in this Complaint, the exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

172.   For the reasons alleged herein, Plaintiffs seek all available remedies pursuant to the PAGA in an amount to be proven at trial including but not limited to penalties, attorneys' fees, costs, and interest pursuant to law.

## EIGHTH CAUSE OF ACTION

**Individual and Representative Claim for PAGA Penalties**

**Under California Labor Code §§ 2698, 2699, *et seq.* for**

**Individual and Representative Claim for PAGA Penalties and Wage**

**Under California Labor Code §§ 2698, 2699, *et seq.* for Violations of California Labor Code subdivision (k) of Section 96, Sections 98.6, 201.5, 201.7, 203.1, 203.5, 204a, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, 224, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, Sections 233, 234, 245-249, 351, 353, and 403, subdivision (b) of Section 404, Sections 432.2, 432.5, 432.7, 435, 450, 511, 513, 551, 552, 601, 602, 603, 604, 750, 751.8, 800, 850, 851, 851.5, 852, 921, 922, 923, 970, 973, 976, 1021, 1021.5, 1025, 1026, 1101, 1102, 1102.5, 1153, 1197.5, 1198 via the appliable Wage Order, subdivision (b) of Section 1198.3, Sections 1199.5, 1290, 1292, 1293, 1293.1, 1294, 1294.1, 1294.5, 1296, 1297, 1298, 1301, 1308, 1308.1, 1308.7, 1309, 1309.5, 1391, 1391.1, 1391.2, 1392, 1683, and 1695, subdivision (a) of Section 1695.5, Sections 1695.55, 1695.6, 1695.7, 1695.8, 1695.9, 1696, 1696.5, 1696.6, 1697.1, 1700.25, 1700.26, 1700.31, 1700.32, 1700.40, 1700.47, 1735, 1777.5, 2651, and 2673, subdivision (a) of Section 2673.1, Sections 2695.2, 2800, 2801, 2806, and 2810, subdivision (b) of Section 2929, and Sections 3073.6, 6310, 6311, and 6399.7 and the Applicable Wage Order**

(Against all Defendants)

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

173.   Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

174.   This claim is also premised on Plaintiffs' right to pursue all Labor Code claims on behalf of Aggrieved Employees per *Huff v. Securitas Security Services USA, Inc.* (2018) 23 Cal.App.5th 745.

175.   Plaintiffs have sent their written notice to the LWDA and Defendants of the specific sections of the California Labor Code Defendants violated and continue to violate.

176.   Plaintiffs will file an amended complaint once they have exhausted their administrative remedies and are entitled to pursue claims and remedies as authorized by PAGA.

177.   Pursuant to Labor Code § 2699, any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

178.   Plaintiffs are informed and believe, and based thereon allege, that because of the acts alleged above and Defendants' violations of the Labor Code provisions alleged herein, Plaintiffs are entitled to penalties under Labor Code §§ 2698 and 2699.

179.   Plaintiffs are "aggrieved employees" because Plaintiffs were employed by the alleged violator and had one or more of the alleged violations committed against Plaintiffs, and therefore are properly suited to represent the interests of other current and former Represented Employees.

180.   Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them, penalties for violating Labor Code subdivision (k) of Section 96, Sections 98.6, 201.5, 201.7, 203.1, 203.5, 204a, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212,

subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, 224, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, Sections 233, 234, 245-249, 351, 353, and 403, subdivision (b) of Section 404, Sections 432.2, 432.5, 432.7, 435, 450, 511, 513, 551, 552, 601, 602, 603, 604, 750, 751.8, 800, 850, 851, 851.5, 852, 921, 922, 923, 970, 973, 976, 1021, 1021.5, 1025, 1026, 1101, 1102, 1102.5, 1153, 1197.5, 1198 via the applicable Wage Order, subdivision (b) of Section 1198.3, Sections 1199.5, 1290, 1292, 1293, 1293.1, 1294, 1294.1, 1294.5, 1296, 1297, 1298, 1301, 1308, 1308.1, 1308.7, 1309, 1309.5, 1391, 1391.1, 1391.2, 1392, 1683, and 1695, subdivision (a) of Section 1695.5, Sections 1695.55, 1695.6, 1695.7, 1695.8, 1695.9, 1696, 1696.5, 1696.6, 1697.1, 1700.25, 1700.26, 1700.31, 1700.32, 1700.40, 1700.47, 1735, 1777.5, 2651, and 2673, subdivision (a) of Section 2673.1, Sections 2695.2, 2800, 2801, 2806, and 2810, subdivision (b) of Section 2929, and Sections 3073.6, 6310, 6311, and 6399.7.

181.   Labor Code § 558 establishes a civil penalty as follows: Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission (including the "Hours and Days of Work" section of the Wage Order) shall be subject to a civil penalty of (1) for any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee  was underpaid in addition to an amount sufficient to recover underpaid wages; (2) for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; and (3) wages recovered pursuant to this section shall be paid to the affected employee.

182.   Plaintiffs seek penalties for Defendants' conduct as alleged herein as permitted by law.

183.   Pursuant to Labor Code § 2698, *et seq.*, Plaintiffs seek to recover

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

attorney's fees, costs, civil penalties, and wages on behalf of Plaintiff and other current and former Represented Employees as alleged herein in an amount to be shown according to proof at trial and within the jurisdictional limits of this Court.

## NINTH CAUSE OF ACTION

### Individual Claims for

### Violations of the California Investigative Consumer

### Reporting Agencies Act (Civ. Code, § 1786, *et seq*.)

(Against Defendants QUEST GROUP CONSULTING LLC,

QUEST GROUP SEARCH, LLC, and DOES 1-50)

184.   Pursuant to California Civ. Code § 1786, *et seq*., it is presumptively unlawful for a consumer reporting agency to furnish   an investigative consumer report for employment purposes.

185.   The ICRAA requires that, before procuring a consumer report on an individual for employment purposes, the employer must comply with all the following:

(A) The person procuring or causing the report to be made has a permissible purpose, as defined in Civ. Code § 1786.12.

(B) The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:

(i)     An investigative consumer report may be obtained.

(ii)    The permissible purpose of the report is identified.

(iii)   The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

(iv)    Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.

(v)     Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Civ. Code § 1786.22.

(vi)    Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (v), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Civ. Code § 1786.20. This clause shall become operative on January 1, 2012.

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

(Civ. Code § 1786.16, subd. (a)(2)(B).)

186.   Plaintiff alleges Defendants violated Civ. Code § 1786.16 because the disclosure form Defendant required Plaintiff to sign failed to comply with Civ. Code § 1786.16, *et seq.* for the reasons specified in this Complaint and according to proof at trial. (See **Ex. 1**.)

187.   Plaintiff also alleges Defendants violated the other aspects of the ICRAA as alleged above.

188.   With respect to each of the aforementioned violations of the ICRAA provisions and pursuant to Civ. Code § 1786.50(a)(1), Plaintiff seeks to recover statutory damages in the amount not less than $10,000 for each violation due to Defendants' failure to comply with the requirements imposed by Civ. Code § 1786.16, all in an amount to be proven at trial.

189.   Plaintiff seeks recovery costs of suit with reasonable attorneys' fees in an amount as the Court may allow, but not to exceed $75,000 in the aggregate for all violations, remedies, claims, costs, and attorneys' fees recovered included.

## TENTH CAUSE OF ACTION

**Individual and Representative Claim for PAGA Penalties**

**Under California Labor Code §§ 2698, 2699, *et seq.* for**

**Failure to Provide Seating in Violation of**

**California Labor Code 1198, and the Applicable Wage Order**

(Against all Defendants)

190.   Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

191.   California Labor Code § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.

192.   California Labor Code § 1198 requires that " . . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

prohibited by the order is unlawful."

193.   The applicable wage order provides that "[a]ll working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats."

194.   The applicable wage order also provides that "[w]hen employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties."

195.   The nature of Plaintiffs' job duties permitted them to be seated.

196.   As one example, many Aggrieved Employees, including Plaintiff, worked on the night shift, when the children in their care were sleeping.

197.   Aggrieved Employees on the night shift who were charged with watching the sleeping children were more than capable of performing their duties while seated.

198.   Additionally, many Aggrieved Employees who worked in the day shift were able to perform their duties while seated.

199.   Furthermore, for Aggrieved Employees whose work duties occasionally required standing, there was not an adequate number of suitable seats in reasonable proximity to the work area to permit employees to use such seats when doing so would not interfere with the performance of their duties.

200.   Defendants violated California Labor Code § 1198 and the applicable wage order because Plaintiffs were not permitted to sit, even if they were not engaged in active duties.

201.   Plaintiffs were not permitted to sit, even when it would not interfere with the performance of their duties, nor were they provided with suitable seats.

202.   Pursuant to the civil penalties provided for in California Labor Code §§ 2699 (f) and (g), Defendants are liable for civil penalties of one hundred dollars

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

- 33 -

($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code § 1198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

<u>On the First through Eighth,  and Tenth Causes of Action</u>:

1. That the Court find that Defendants' violations as described above were and are willful;

2. For all remedies available to Plaintiff under the applicable Industrial Welfare Commission Order including but not limited to Wage Order Numbers 4-2001, 5-2001, 15-2001, and the Labor Code via § 2698, *et seq.* including an award of attorneys' fees, costs, interest, liquidated damages, damages, and penalties according to proof to the extent permitted by law;

3. For maximum civil penalties available under the Labor Code and applicable Wage Order as described more particularly in this Complaint, representative PAGA claims as set forth in Labor Code § 558;

4. That Plaintiff and/or Aggrieved Employees be awarded reasonable attorneys' fees where available by law, including but not limited to pursuant to Labor Code §§ 2698, *et seq*., Code of Civil Procedure § 1021.5, and/or other applicable laws; and

5. For such other and further relief as this Court may deem proper and just.

<u>On the Ninth Cause of Action</u>:

1. Pursuant to Civ. Code § 1786.50, an award of statutory damages to Plaintiff in the amount of $10,000 for each violation;

2. For an order declaring that Defendants violated the rights of Plaintiff under the ICRAA;

3. For an award of costs of suit incurred, including expenses and reasonable

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

attorneys' fees and costs allowed under all applicable provisions of law;

     4.     For prejudgment and post judgment interest on all due amounts under the ICRAA and Civil Code §§ 3287, 3288, 3289 and any other applicable statutes; and

     5.     For such other and further relief as the Court deems proper.

Dated:  October 20, 2021          Law Office of Thomas D. Rutledge

                    By:_*Thomas D. Rutledge*_____
                    /s/Thomas D. Rutledge, Esq.
                    Attorneys for Plaintiffs

**Thomas D. Rutledge**
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

COMPLAINT-*Garcia, et al. v. Quest Group Consulting LLC, et al.*

Exhibit 1 - Page 35

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

See attached.

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/25/2021** at 12:05:57 PM

Clerk of the Superior Court
By Erika Engel,Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARIA A. GARCIA, individually and on behalf of herself and others similarly situated.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER
*(Número del Caso)* 37-2021-00045487-CU-OE-CTL

SUPERIOR COURT OF CALIFORNIA

330 West Broadway, San Diego, California 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THOMAS D. RUTLEDGE, 113 W. G STREET, STE. 231, SAN DIEGO, CA 92101  Tel.: 619-886-7224

| DATE: 10/26/2021 *(Fecha)* | Clerk, by *(Secretario)* | E. Engel | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

'SLAL'

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Exhibit 1 - Page 36

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**SUM-200(A)**

| SHORT TITLE:<br>Garcia v. Quest Group Consulting LLC, et al. | CASE NUMBER |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

QUEST GROUP CONSULTING LLC, a Georgia limited liability company; QUEST GROUP SEARCH, LLC, a Georgia limited liability company; DOUGLAS SHAENER, an individual; JASON HANGES, an individual; and DOES 1 through 50 inclusive.

Page   1   of   1

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Exhibit 1 - Page 37

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
THOMAS D. RUTLEDGE (SBN 200497)
113 WEST G STREET, SUITE 231
SAN DIEGO, CALIFORNIA 92101

TELEPHONE NO. 619-886-7224    FAX NO.
ATTORNEY FOR (Name): PLAINTIFFS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS 330 WEST BROADWAY
MAILING ADDRESS
CITY AND ZIP CODE SAN DIEGO, CALIFORNIA 92101
BRANCH NAME CENTRAL

CASE NAME:
Garcia v. Quest Group Consulting LLC, et al.

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/25/2021** at 12:05:57 PM

Clerk of the Superior Court
By Erika Engel, Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|

| ✓ Unlimited | ☐ Limited | ☐ Counter ☐ Joinder | 37-2021-00045487-CU-OE-CTL |
|---|---|---|---|
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE Judge Kenneth J Medel   DEPT |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
✓ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✓ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Ten.
5. This case ✓ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10-25-2021

THOMAS D. RUTLEDGE
_____                    _____
(TYPE OR PRINT NAME)                               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Exhibit 1 - Page 38

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

To **Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To **Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To **Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice— Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach—Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition