UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA A. GARCIA, individually and on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUEST GROUP CONSULTING, LLC, a Georgia limited liability company; QUEST GROUP SEARCH, LLC, a Georgia limited liability company; DOUGLAS SHAENER, an individual; JASON HANGES, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 21-cv-02041-H-WVG<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO REMAND; AND**<br><br>[Doc. No. 7.]<br><br>**(2) DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT**<br><br>[Doc. No. 3.] |

On December 13, 2021, Defendants Quest Group Consulting, LLC, Quest Group Search, LLC, Douglas Shaener, and Jason Hanges filed a motion to dismiss Plaintiff Maria Garcia's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 3.) On December 30, 2021, Plaintiff Maria A. Garcia filed a motion to remand the action back to state court. (Doc. No. 7.) On January 13, 2022, Defendants filed a response in

opposition to Plaintiff's motion to remand.  (Doc. No. 9.)  On January 24, 2022, Plaintiff filed a reply in support of her motion to remand.  (Doc. No. 10.)

A hearing on Plaintiff's motion to remand is scheduled for Monday, January 31, 2022 at 10:30 a.m., and a hearing on Defendants' motion to dismiss is scheduled for Monday, February 28, 2022 at 10:30 a.m.  The Court, pursuant to its discretion under Civil Local Rule 7.1(d)(1), determines the matters are appropriate for resolution without oral argument, submits the motions on the parties' papers, and vacates the hearings.  For the reasons below, the Court grants Plaintiff's motion to remand, and the Court denies Defendants' motion to dismiss as moot.

### Background

The following background is taken from the allegations in Plaintiff's state court complaint.  Defendants are temporary service employers within the meaning of California Labor Code § 201.3(a)(1).  (Doc. No. 1-2, Compl. ¶ 18.)  Defendants employed Plaintiff and other employees on an hourly basis as non-exempt workers to perform work in California for various customers.  (Id. ¶ 19.)  Specifically, Defendants employed Plaintiff as a youth care worker to supervise unaccompanied migrant children who were temporarily housed in California.  (Id. ¶ 21.)

Plaintiff alleges that during her employment, Defendants violated various sections of the California Labor Code and Industrial Welfare Commission Wage Orders.  (Id. ¶¶ 2, 39-71.)  In addition, Plaintiff alleges that when she was a job applicant, Defendants procured an investigative consumer report regarding Plaintiff after requiring her to sign a deficient disclosure form in violation of the California Investigative Consumer Reporting Agencies Act (the "ICRAA"), California Civil Code § 1786, et seq.  (Id. ¶¶ 1, 75-91.)

On October 25, 2021, Plaintiff filed a complaint in the Superior Court of California, County of San Diego against Defendants, alleging nine claims under the California Private Attorney General Act ("PAGA"), California Labor Code §§ 2698, 2699; and one claim for violations of the ICRAA.  (Doc. No. 1-2, Compl.)  On December 6, 2021, Defendants removed the action to United States District Court for the Southern District of California

pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).  (Doc. No. 1, Notice of Removal ¶¶ 1, 56-60.)

By the present motion, Plaintiff moves to remand the action back to the Superior Court of California, County of San Diego for lack of subject matter jurisdiction (Doc. No. 7-1 at 12.)  In addition, Defendants move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  (Doc. No. 3 at 1-8.)

### Discussion

**I.     Plaintiffs' Motion to Remand**

"A defendant generally may remove a civil action if a federal district court would have original jurisdiction over the action." Allen v. Boeing Co., 784 F.3d 625, 628 (9th Cir. 2015) (citing 28 U.S.C. § 1441(a)); see Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  "Federal courts are courts of limited jurisdiction and, as such, cannot exercise jurisdiction without constitutional and statutory authorization." Hansen v. Grp. Health Coop., 902 F.3d 1051, 1056 (9th Cir. 2018).  There is a strong presumption against removal jurisdiction, and courts strictly construe the removal statute against removal jurisdiction. See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010).  "The removing defendant bears the burden of overcoming the 'strong presumption against removal jurisdiction.'" Hansen, 902 F.3d at 1057; see also Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986) ("The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists.").

Here, Defendants removed the action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).  (Doc. No. 1, Notice of Removal ¶¶ 1, 56-60.)  "Traditional diversity jurisdiction requires complete diversity of citizenship and an amount in controversy greater than $75,000." Canela v. Costco Wholesale Corp., 971 F.3d 845, 849 (9th Cir. 2020) (citing 28 U.S.C. § 1332(a)).

Plaintiff argues that diversity jurisdiction is lacking in this case because the amount in controversy for this case is well below the $75,000 requirement.  (Doc. No. 7-1 at 4-11.) "Where, as here, 'a plaintiff's state court complaint does not specify a particular amount of

damages, the removing [party] bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds' the threshold at the time of removal." Canela, 971 F.3d at 849.

### A. Plaintiff's PAGA Claims

In the complaint, Plaintiff alleges nine PAGA claim against the Defendants. (Doc. No. 1-2, Compl. ¶¶ 105-83, 190-202.) In their notice of removal, Defendants contend that the amount in controversy for Plaintiff's PAGA claims is $4,250 plus attorney's fees. (See Doc. No. 1, Notice of Removal ¶¶ 17, 20, 23, 26, 29, 32, 35, 38, 47.) In her motion to remand, Plaintiff contends that this calculation is incorrect and that the proper amount in controversy for her PAGA claims including attorney's fees is $2,125. (Doc. No. 7-1 at 5-9.) In response, Defendants state that, for the purposes of Plaintiff's motion to remand only, Defendants are willing to concede to Plaintiff's amount in controversy calculation for her PAGA claims. (Doc. No. 9 at 2 n.3, 5 n.4.)

Thus, for the purposes of analyzing Plaintiff's motion to remand, the parties are in agreement that the amount in controversy for Plaintiff's PAGA claims including attorney's fees is $2,125. As such, in order for Plaintiff's complaint to satisfy the $75,000 amount in controversy requirement for diversity jurisdiction, Plaintiff's remaining claim, her ICRAA claim, must have an amount in controversy of at least $72,875. The Court addresses the amount in controversy for Plaintiff's ICRAA claim below.

### B. Plaintiff's ICRAA Claim

In the complaint, Plaintiff alleges a claim for violations of the ICRAA against Defendants Quest Consulting and Quest Group Search. (Doc. No. 1-2, Compl. ¶¶ 184-89.) Defendants contend that the amount in controversy for Plaintiff's ICRAA claim is $120,000 plus attorney's fees. (Doc. No. 9 at 4.) Plaintiff argues that Defendants' calculation is incorrect and that the proper amount in controversy for her ICRAA claim is $20,000 plus attorney's fees. (Doc. No. 7-1 at 11.)

California's ICRAA is intended "to ensure that entities engaged in assembling and evaluating information on consumers for employment, insurance, and housing purposes do

so fairly, impartially, and with respect for the consumer's privacy." Palma v. Cty. of Stanislaus, No. 1:17-CV-0819 AWI EPG, 2017 WL 6513282, at *6 (E.D. Cal. Dec. 20, 2017) (citing Cal. Civ. Code § 1786(b)); see Connor v. First Student, Inc., 5 Cal. 5th 1026, 1032 (2018). Relevant here, California Civil Code § 1786.16(a) of the ICRAA provides:

> (a) Any person described in subdivision (d) of Section 1786.12 shall not procure or cause to be prepared an investigative consumer report unless the following applicable conditions are met:
>
> . . .
>
> (2) If, at any time, an investigative consumer report is sought for employment purposes other than suspicion of wrongdoing or misconduct by the subject of the investigation, the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:
>
> (A) The person procuring or causing the report to be made has a permissible purpose, as defined in Section 1786.12.
>
> (B) The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:
>
> (i) An investigative consumer report may be obtained.
>
> (ii) The permissible purpose of the report is identified.
>
> (iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.
>
> (iv) Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.
>
> (v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.
>
> (vi) Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (iv), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that

complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.

Cal. Civ. Code § 1786.16(a). The damages provision of the ICRAA, California Civil Code § 1786.50, provides: "An investigative consumer reporting agency or user of information that fails to comply with any requirement" of the ICRAA "with respect to an investigative consumer report" is liable to the consumer who is the subject of the report for "[a]ny actual damages sustained by the consumer as a result of the failure or, except in the case of class actions, ten thousand dollars ($10,000), whichever sum is greater." Cal. Civ. Code § 1786.50(a); see Limson v. Bridge Prop. Mgmt. Co., 416 F. Supp. 3d 972, 983–84 (N.D. Cal. 2019).

In the complaint, Plaintiff alleges that when she was a job applicant, Defendants required her to sign various forms that purported to allow Defendants to obtain a consumer investigative report on Plaintiff via a third party. (Doc. No. 1-2, Compl. ¶¶ 75-76.) Plaintiff alleges that these forms failed to comply with the requirements of the ICRAA for various reasons. (See id. ¶¶ 77-90.) Based on these allegations, Plaintiff alleges a claim for violations of the ICRAA against Defendants Quest Consulting and Quest Group Search. (Id. ¶¶ 184-89.) Plaintiff only seeks statutory damages with respect to her ICRAA claim. (See id. ¶ 188, p. 34.)

Defendants contend that based on these allegations, the proper amount in controversy for Plaintiff's ICRAA claim is $120,000 because Plaintiff alleges that Quest Group violated several statutory sections of the ICRAA. (Doc. No. 9 at 3-5.) In contrast, Plaintiff asserts that the proper amount in controversy is only $20,000 based on her allegations because there was only one background check performed, meaning that Plaintiff is entitled to only one ICRAA statutory penalty per defendant. (Doc. No. 10 at 2.)

The Court agrees with Plaintiff's interpretation of the ICRAA that under the facts alleged, she is at most only entitled to one ICRAA penalty. California Civil Code § 1786.50(a) provides that a defendant that fails to comply with "any requirement" under the

ICRAA "with respect to an investigative consumer report" is liable to the consumer for actual damages or $10,000, whichever sum is greater. Cal. Civ. Code § 1786.50(a). Under the plain language of the statute, the ICRAA penalty applies per "investigative consumer report."[1] Id. In the complaint, Plaintiff alleges that Defendants' disclosures were deficient with respect to a single consumer investigative report. (See Doc. No. 1-2, Compl. ¶¶ 75-76, 90.) Thus, at most, Plaintiff would only be entitled to one $10,000 ICRAA penalty.[2]

Moreover, Defendants have failed to provide the Court with any legal authority supporting their proposed interpretation of the ICRAA. As the removing parties, Defendants bear the burden of establishing that the amount in controversy requirement has been satisfied and that this Court has subject matter jurisdiction over the action. See Canela, 971 F.3d at 849; Scott, 792 F.2d at 927. Defendants have failed to meet their burden.[3]

///

///

---

[1] Similarly, California Civil Code § 1786.16 is also written in a manner where liability is determined per consumer report. Section 1786.16(a) provides: "Any person described in subdivision (d) of Section 1786.12 shall not procure or cause to be prepared an investigative consumer report unless the following applicable conditions are met." Cal. Civ. Code § 1786.16(a). Thus, section 1786.16 is violated each time someone procures "an investigative consumer report" without meeting all of the applicable conditions.

[2] For the purposes of deciding Plaintiff's motion to remand, the Court need not analyze Plaintiff's contention that she could be entitled to a ICRAA penalty against each of the named defendants for that claim. Even if Plaintiff is correct, the amount in controversy for the claim would still only be $20,000, which when combined with Plaintiff's PAGA claims would still be well under the $75,000 requirement.

[3] Defendants note that Plaintiff seeks attorney's fees with respect to her ICRAA claim and these attorney's fees may be included in the amount in controversy calculation. (Doc. No. 9 at 5.) Defendants are correct that an award of attorney's fees may be included in the amount in controversy calculation. See Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998). But Defendants make no attempt to establish what the amount of attorney's fees for Plaintiff's ICRAA claim might actually be. (See generally Doc. No. 9.) Defendants bear the burden of proving future attorney's fees with respect to the amount in controversy, see Fritsch v. Swift Transportation Co. of Arizona, LLC, 899 F.3d 785, 795 (9th Cir. 2018), and Defendants have failed to meet that burden with respect to the potential attorney's fees for Plaintiff's ICRAA claim. See Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090–91 (9th Cir. 2003) ("Conclusory allegations as to the amount in controversy are insufficient.").

C.  Conclusion

In sum, Defendants have fails to prove that the $75,000 amount in controversy requirement for diversity jurisdiction has been met, and, thus, Defendants have failed to establish that the Court has subject matter jurisdiction over the action and that removal was proper. As such, the Court grants Plaintiff's motion to remand, and the Court remands the action back to state court.

## II. Defendants' Motion to Dismiss

Defendants move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. No. 3 at 1-8.) Because the Court remands the action back to state court, the Court denies Defendants' motion to dismiss as moot.

## Conclusion

For the reasons above, the Court grants Plaintiff's motion to remand, and the Court remands the action back to the Superior Court of California, County of San Diego. In addition, the Court denies Defendants' motion to dismiss the complaint as moot. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

DATED: January 26, 2022

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT